OPINION
{¶ 1} Defendant-appellant, Todd Riley, appeals the decision of the Warren County Court of Common Pleas to overrule his motion to suppress evidence. We affirm the trial court's decision.
 {¶ 2} Appellant's motion to suppress was based on events that occurred on April 6, 2003, in Warren County. Warren County Sheriff Deputy Ron Day testified at the suppression hearing that he began following a van that displayed a temporary license tag because he could not read the expiration date on the temporary license.
 {¶ 3} When Deputy Day called the tag into dispatch, he was informed that even though the tag was valid, the owner of the van, April Garejo, had a suspended license. Deputy Day testified that he followed the vehicle down Kings Island Drive, but could not get a view of the driver because the back windows of the van were tinted. Deputy Day pulled the van over and observed appellant to be the driver and the only person in the vehicle.
 {¶ 4} Deputy Day asked appellant for his driver's license. Appellant told the deputy that his name was Todd Riley. When appellant could not produce a driver's license, Deputy Day asked for and received appellant's social security number. A check of appellant's social security number revealed that appellant's operator's license was suspended and there was an active warrant for appellant's arrest. Appellant was placed under arrest. Appellant was subsequently charged with offenses that arose as a result of the search of the vehicle.
 {¶ 5} Appellant filed a motion to suppress evidence, which was overruled by the trial court. Appellant pled no contest to and was found guilty. Appellant instituted the instant appeal.
 {¶ 6} Assignment of Error:
 {¶ 7} "The trial court erred to the prejudice of defendant-appellant in denying his motion to suppress."
 {¶ 8} In reviewing a trial court's decision on a motion to suppress, a reviewing court must defer to the trial court's findings of fact if competent, credible evidence exists to support the decision. State v. McNamara (1997),124 Ohio App.3d 706, 710. The appellate court then determines without deference to the trial court, whether the court has applied the appropriate legal standard. State v. Anderson
(1995), 100 Ohio App.3d 688, 691.
 {¶ 9} Appellant first argues that the deputy had no reasonable suspicion that a crime or traffic violation was being committed and therefore, the stop of the van was unconstitutional.
 {¶ 10} Police may make an investigative stop of a vehicle when they have a reasonable articulable suspicion that a defendant is engaged in or is about to engage in criminal activity or conduct. See Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868. Police may also stop a vehicle based on probable cause that a traffic violation has occurred. State v. Brock,
Warren App. No. CA2001-03-020, 2001-Ohio-8644.
 {¶ 11} Deputy Day had been informed that the owner of the vehicle, April Garejo, had a suspended license. The deputy testified that he had not been able to see the driver of the van. Further, Deputy Day testified that he did not obtain a description of April Garejo. Although the deputy would later acknowledge that he did not know any April who was male, Deputy Day was not told whether the van's owner was male or female.
 {¶ 12} We agree with the trial court's finding that the stop was proper. Deputy Day was given information that the owner of the van was not legally permitted to operate a vehicle. Therefore, he was justified in stopping the vehicle to determine if that owner was driving the vehicle.
 {¶ 13} Under his second and third issues for review, appellant maintains that the deputy should have known as he approached the stopped vehicle that appellant was not the owner of the vehicle because the owner was a female by the name of April. Appellant asserts that the deputy, upon seeing that appellant was male, had no reasonable and articulable suspicion of unlawful activity and the continued detention to ask appellant for a driver's license or social security number was an unconstitutional seizure. See, e.g., State v. Chatton (1984),11 Ohio St.3d 59.
 {¶ 14} The scope and duration of an investigative stop should be limited to effectuate the purpose for which the initial stop was made. State v. Venham (1994), 96 Ohio App.3d 649, 655. However, if circumstances of a proper stop give rise to a reasonable suspicion of some other illegal activity, then the vehicle and the driver may be detained for as long as that new articulable and reasonable suspicion continues. See State v.Myers (1990), 63 Ohio App.3d 765, 771.
 {¶ 15} We disagree with appellant's assertions that the reason for the initial stop was dispelled when the deputy observed a male behind the wheel or even when appellant told the deputy his name was Todd Riley. The deputy testified at the suppression hearing that his initial statement to appellant was a request for appellant's driver's license so that the deputy could ascertain the identity of the person he was "dealing with."
 {¶ 16} We do not think that the deputy was required to assume that appellant was not the van's owner. In fact, appellant was unable to provide an operator's license to dispel the deputy's legitimate concerns about the driver's identity as the owner of the vehicle. Certainly the deputy was justified in using appellant's social security number to verify appellant's identity.
 {¶ 17} While the trial court gave more than one reason for denying appellant's motion, we concur with the trial court's finding that the deputy's actions were reasonable. Deputy Day had information that the owner of the van could not legally operate a vehicle. The deputy had before him a driver who produced no means of verifying his identity or showing that he was not the owner driving under license suspension.
 {¶ 18} Accordingly, we find that the stop and the request for license and social security number was proper, and the trial court did not err in denying appellant's motion to suppress evidence. See City of Cuyahoga Falls v. Barth (Oct. 30, 1991), Summit App. No. 15071 (finding that motion to suppress was overruled based on reasons different from those the trial court used).
Judgment affirmed.
Young, P.J., and Walsh, J., Concur.